May it please the Court, Ms. Luxa. I'm here representing Mr. John Coleman, and this is actually our second time before the Court, and our second time before both Judge Murphy and Judge By. The original case that we raised on direct appeal had three issues. One had to do with motion to suppress. I raised an issue in regard to ineffective assistance of counsel, and I also raised an issue in regard to whether there was plain error in the submission of a misstatement of the law or an incorrect jury instruction. The ineffective assistance of counsel claim was preserved for later 2255 action, which is what brings us here today. The basic facts of the case is that Mr. Coleman was stopped, or following a traffic stop in Des Moines, Iowa, Mr. Coleman was found to be in possession of a loaded magazine that fit a 9mm Ruger. A later search of the vehicle showed that there was a 9mm Ruger that was actually in the glove compartment in front of him, along with some ecstasy and some cocaine. A second gun was located in the pouch behind Mr. Coleman's seat, which was a .40 caliber Taurus. It was also loaded, and there was an additional loaded magazine in that as well. Mr. Coleman was in the front right seat passenger seat. The .40 caliber Taurus was behind his seat and directly in front of a Mr. Brewer, who was also located in the vehicle. The gist of our argument in regard to ineffective assistance of counsel rests on two basic breaches of duty. First, our argument is that Mr. Coleman's counsel should not have effectively pled him guilty to possession of both firearms. There was a question in the record as to whether or not Mr. Coleman, or who actually owned or possessed both of the firearms. Granted, Mr. Coleman did have a clip in his pocket, which obviously made him guilty of the offense of possession of ammunition, which is also found in possession of ammunition is against the law. So obviously, he would have been found guilty of found in possession of firearm or ammunition. But his counsel chose, contrary to a stipulation that had been entered prior to trial, to basically admit on opening statement that Mr. Coleman was in possession of both weapons. And further, upon in his closing statement, actually directed the jury to find Mr. Coleman guilty of found in possession of both weapons. Would that be said to have been a reasonable attorney's strategy? Well, I know that Judge Pratt, in denying our motion for 2255, said that this seemed to be a reasonable strategy. The problem with the reasonable strategy argument or position is that reasonable strategy should be based on a clear understanding of the law and a clear understanding of what facts you're going to be confronting in the case. Obviously, there's nothing in the record that indicates that trial counsel ever discussed this idea of pleading Mr. Coleman guilty to possession of both firearms. It's not in the record. There's nothing to indicate that he ever did. I think it's Judge Pratt's ruling was based on the assumption that it was not required. Again, as the court indicates, that it was a part of a reasonable strategy. The problem in this particular case is that the jury instruction was wrong. The statement of law that was given to the jury was wrong in regard to furtherance of possession and trafficking. I know that the court in its earlier... I'm sorry? What was the effect of including both guns instead of, or both charges, both items of contraband? Well, part of the problem, Judge, relates to the fact that in furtherance also requires possession of a firearm. So there were two different charges that required possession of a firearm. One, the felon possession of ammunition or firearms, and the second one was possession of a firearm in furtherance of a drug trafficking offense. I guess the practical effect of having pled him guilty to the possession was that, in effect, counsel was basically bolstering or the state had presented in regard to who possessed the ecstasy and the cocaine in the glove compartment was the same that provided evidence of constructive possession of the firearms. But the real problem, I think, Judge, in regard to prejudice gets back to this jury instruction because I know that the court... Does the certificate of appealability cover or review in this case include the jury instruction issue? Not directly, Your Honor. However, Judge Pratt, in his ruling, or actually in his order directing that the counsel prepare briefs in regard to the 2255, specifically indicated that I should address the issue of whether the defect of jury instruction had any impact on the underlying claim of ineffective assistance of the defendant. In fact, the court I know in the earlier case, Mr. Coleman, indicated that the Rush Richardson case was not decided until sometime after Coleman's case. Now, Rush Richardson was the one that actually where the court actually decided that the jury instruction that was used in Coleman's case was not correct. Unfortunately, that's not where the whole situation begins. The case was decided a year and a half prior to Coleman's case in which the court decided that the instruction or the definition of in furtherance required more than the definition of in relation to or possession in relation to. And the Gambo decision is actually the first time that this court construed 924C and indicated that there was in fact a difference, that there was a higher standard with respect to in furtherance. So Gambo was in existence a year and a half before Mr. Coleman went to trial. In addition, your honor, other attorneys apparently raised that issue. The court in Kent, and I believe Judge Murphy was on that panel, the court in Kent determined that that the in furtherance instruction was not merely a factual determination, but it required more. And in fact, the court there in that particular case, the attorney for Kent had cited Gambo and had objected to the jury instruction, the use of the Eighth Circuit pattern jury instruction in that case and had actually raised that issue. The court determined that the way he raised it was not precise enough apparently and upheld the conviction. But attorneys had raised that issue. Now, the trial attorney did not research the law. Why was it that he did not determine or discover Gambo? Even though Gambo was raised in the context of a double jeopardy argument, it still construed that 924C to have a higher standard. It would seem to me that reasonable counsel would have had a duty to do the research, would have had a duty to discover that case and to raise that instruction. Pattern jury instructions are not the law. Judge Riley advised us of that last week in the CLE. They are prepared by a committee of judges. They're in tech. Obviously, they're prepared with the idea that they will represent the law, but they are not the law. And Gambo had determined that that pattern instruction, not considering the pattern instruction, but had determined that the law that underlined that jury instruction had been misinterpreted and had been misconstrued up to that point. So the basic problem that we have, we have two breaches of duty, Your Honor. First, I believe that trial counsel had no authority whatsoever to plead Mr. Coleman's possession of two firearms without Mr. Coleman's permission. Second, that counsel failed to adequately research. The counsel had a duty to object to the jury instruction was actually presented. And the counsel breached his duty in failing to do that. Also, do you dispute the what seems like the conclusions of the district court here and the prior panel that the evidence of possession of these firearms was overwhelming? I do, Your Honor. And because there were, in fact, counsel that supposedly allegedly had this strategy of pleading Mr. Coleman guilty to possession of both firearms. But when he questioned Mr. Cardwell as the three weapons, initially three weapons, along with Mr. Brunson and the other person, which he identified only by photograph as being Mr. Coleman, the counsel actually attacked his ability to identify Mr. Coleman. So if you're going to have this strategy that I'm going to admit that Mr. Coleman had possession of both firearms, then why would you contest his ability, the individual's ability to identify Mr. Coleman at that point? If I could, Your Honor, I'd like to reserve the balance of my time for rebuttal. Thank you. Ms. Luxa. My name is Mary Luxa. I'm with the U.S. Attorney's Office for the Southern District of Iowa. May it please the court, Mr. Booth. First, I'd like to address the ineffectiveness issue. I think there's only one ineffectiveness issue that is on appeal because the certificate of appealability specifically did not list the jury instruction issue as something that was going to be before this court. Furthermore, that issue was already litigated in the prior appeal and found against Mr. Coleman. Now, the standard was a little different. The standard of review was different. However, the bottom line that the court found or that the prior panel found in this case was that he would not have been convicted had he gotten a proper instruction. And I think that that is something that the court should consider today in determining whether or not it should even consider the jury instruction issue. If it gets to the issue, even though it wasn't in the certificate of appealability, Mr. Coleman still can't show that he was prejudiced. Regarding the concession that Mr. Coleman possessed the firearms, that is a strategy that is something that defense counsel often do when the evidence is overwhelming on a certain portion of the case. And in this case, Mr. Coleman was in the car. He had the clip for or the magazine for the Ruger in his pocket. The Ruger was in the glove box. Thank you. The glove box in front of him. And there was a Taurus in the back seat. And count five of the indictment charged Mr. Coleman not only with possessing the two firearms, but it also charged him with possessing the ammunition. So counsel is facing a situation where his client has the ammunition for one of the firearms in his pocket. The other firearm is in the glove box in front of him. And I believe there was some evidence that he tried to lock that box immediately or during during the stop. And way out of the car, would he have been able to reach around and get the gun that was in the pocket behind his seat the way out of the car? No, no. He have reached around and got the gun that was in the pocket of his behind his seat. I don't know if there's any evidence as to that, your honor. But Mr. Brewer testified and he was the backseat passenger that Mr. Coleman pointed to the pouch in the back in the back of the front seat and said, I've got some tools to sell. So, I mean, I guess he could reach around and point. I don't know if he could have actually reached into the pouch from where he was. There was also evidence that Mr. Coleman purchased the guns the day before the stop. Now, Mr. Booth raises in his reply brief and that about him being inconsistent with his strategy. First, he's saying, okay, yes, he did possess the two firearms, but they had nothing to do with the drugs. They are totally divorced from the drugs, so you should not convict him on the 924C. Mr. Booth criticizes trial counsel for challenging the witness's ability to identify Mr. Coleman, the witnesses that testified from the gunshot. In the context of the entire case, this is entirely consistent with counsel's trial strategy. This is a case, the government got sloppy folks. They had all these folks in the car and they threw everything that they could at my client. Without really evaluating the evidence. And what I'm asking you to do, jury, is yes, we possessed the firearm. But there isn't evidence here to show that he had anything to do with the drugs. And by trying to attack the government's case in that way, trying to undermine the credibility of every government witness is certainly part of the strategy. In questioning whether or not the government went a little overboard in its charges. Does it matter that he may have conceded too much in acknowledging possession of both firearms instead of only one? I don't believe that it does, Your Honor, because the jury ultimately did not find that he had possessed the Taurus, which was the gun in the back, in furtherance of a drug trafficking crime. So I think that, I mean, his counsel's strategy may have worked. But only up to a point. And again, the evidence was simply overwhelming in terms of the possession of the firearm and the location of the drugs. And the situation surrounding that. So with the evidence as overwhelming as it was in this case, Mr. Booth's client just can't show that he was prejudiced. And that is one of the two prongs of Strickland. First, it has to be an effective assistance. Second, you have to show prejudice. If you blow it on either one of those, then your claim should be dismissed. I also would argue that this was a reasonable trial strategy to which Mr. Coleman did not need to expressly consent. And we've cited in our brief to several cases where the courts have held that that is a, that is the correct statement of the law. Mr- Your Honor, I think that the cases that talk about that focus on what the counsel is being faced with at the criminal trial. And in this case, the trial counsel immediately after listening to the government's  The plethora of evidence that the government said it was going to introduce as against his client. And in wanting to gain some credibility with the jury, it's at that point in the case where he says, look, we're not contesting that he possessed the firearms. But ladies and gentlemen, I want you to really look at the evidence, or his possession of them in connection with the drugs. So I don't think the fact that he did it early on in the case has anything, or has any bearing on this. And also, should the court decide that that isn't a real question, is did he talk to his client about this, because there's nothing in the record as to whether he did or didn't. Because the district court denied this without a hearing. If you find that you're really troubled by that, then I think that the thing to do is to remand this case to the district court to hold an evidentiary hearing. And I would reserve any time for rebuttal unless the court has other questions. Which time does Mr. Booth have? Your Honor, counsel has four minutes remaining. Thank you, Your Honor. I'd like to address Judge Smith's question regarding the certificate of appealability. In fact, there was a case, I think it was in there just two days ago, Thomas V United States, docket number 12-1853. 2013, Westlaw 6570603. In footnote two, it was noted that the court, the Eighth Circuit, retains discretion to consider sua sponte issues beyond those specified in the certificate of appealability. So even if the court finds that the certificate of appealability did not include the jury instruction, I believe that the court would have the authority to go beyond that. In addition, Your Honor, I would indicate that the jury instruction in this particular context comes up under the concept of ineffective assistance of counsel. Before, when I attacked the jury instruction, that was under a due process argument, plain error analysis. The higher standard in regard to it had to have some impact on the integrity of the judicial proceedings. That's not the case here. The case here is that the jury instruction is important because it is part and parcel of the prejudicial prong of the Strickland standard. A trial strategy needs to be based on a correct understanding of the law. Obviously, counsel did not research it, did not discover Gambo, did not object to the jury instruction. The jury was never instructed as to the correct law in this particular case as we related to in furtherance. In addition, Your Honor, the trial counsel's understanding of the law affected his strategy. So how can you have a reasonable strategy if you don't even understand what the law is or what the particular issues are that should have been raised in that particular case? Had counsel understood the law, he might well have made the argument at trial that Judge By noted in his dissent in the previous case. In other words, the argument that these weapons were being held for sale and not as in furtherance of a drug transaction, they were a separate product or a separate item for sale that Mr. Coleman was holding. The officer in this case testified that these guns were held for protection. Well, you don't put a loaded gun with a loaded magazine in front of a potential customer if you're keeping guns for protection. And in fact, there's no indication Mr. Coleman ever had possession of either one of those guns, physical possession of either one of these guns. He did have the magazine. He was going to be found guilty of felony possession of ammunition for sure. But the other possession charges were based on constructive possession. With that, your honor, we're asking that the court vacate Mr. Coleman's conviction in this particular matter and vacate the judgment. And if there's no further questions, I'll waive the balance of my time. Thank you. Thank you both, counsel. Thank you. We'll go on then to Hannibin County versus.